---

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
CHRISTINA MARQUEZ (Cal. Bar No. 305301)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-4061
    Facsimile: (213) 894-7819
    E-mail: Christina.Marquez@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Esvin Fernando Arredondo Rodriguez,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. CV 22-02845-JLS-AFM<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Hearing Date:  December 9, 2022<br>Hearing Time:  10:30 a.m.<br>Ctrm:  8A<br><br>Hon. Josephine L. Staton<br>United States District Judge |

1  Defendant United States of America submits the following reply to Plaintiff's
2  Opposition ("Opp'n") (ECF No. 20) to the United States' Motion to Dismiss; Motion to
3  Transfer ("Mot.") (ECF No.18).

4  **I.    ARGUMENT[1]**

5      **A.    The Southern District of Texas is Clearly the More Convenient Forum**

6  Plaintiff opposes transfer of this action entirely on the basis of the presumed burden to Plaintiff. While burden to the plaintiff is undoubtedly a factor, it is outweighed here by the fact that none of the operative facts occurred in this district and that virtually all of the other witnesses, besides Plaintiff, reside outside of the district. Plaintiff erroneously states that the government "ignores that many of its own witnesses are in Georgia." Opp'n at 8; *see* Mot. at 11 (stating that "the alleged conduct concerns federal officials and officers in Texas and Georgia, and the relevant events—including Plaintiff and A.F.A.J.'s detentions and separation—occurred in Texas or Georgia"). But that does little to demonstrate why this action should remain in *this* district. And even if some actions took place in Georgia, the Southern District of Texas is the district where the most significant acts giving rise to Plaintiff's claims are alleged to have occurred: where Plaintiff crossed the border and was initially detained and separated.

Further, the United States would work with Plaintiff to lessen any burden. Plaintiff's deposition would be taken at a location convenient for Plaintiff irrespective of where the matter is heard. By contrast, because virtually all the other witnesses are outside of the district, it would cost significantly more to litigate this case in this district as opposed to the Southern District of Texas. *See* Mot. at 12.

Plaintiff's primary argument in opposition to transfer is the burden to Plaintiff himself. This can be mitigated by counsel and should not, by itself, override all other factors that weigh significantly in favor of transfer.

---

[1] Plaintiff mischaracterizes Defendant's background section as legal argument contending that Plaintiff entered the United States illegally. Defendant has not made that contention and was not attempting to do so implicitly by providing the Court background information.

### B. Plaintiff's Claims Are Impermissible Direct Liability or Systemic Tort Claims

Under well-established law, the United States has not waived its sovereign immunity for direct liability or systemic tort claims that allege tortious conduct against the Government writ large. *See* Mot. at 14. As the District of Arizona has held, the Federal Tort Claims Act ("FTCA") does not waive sovereign immunity for "claims based on executive orders, memoranda, or policies regarding the separation of families entering the United States without authorization." *E.C.B. v. United States*, Civ. No. 2:22-cv-00915-CDB, slip op. at 9 (D. Ariz. Nov. 8, 2022) (Ex.G of Opp'n); *Fuentes-Ortega v. United States*, No. CV-22-00449-PHX-DGC, 2022 WL 16924223, at *5 (D. Ariz. Nov. 14, 2022) (dismissing claims that "allege misconduct of government agencies"). Moreover, under the principles of *Lee* and *Adams*, Plaintiff's allegations are too vague and conclusory to hold Defendant liable under the FTCA for the actions of any individual federal employees. *Lee v. United States*, 2020 WL 6573258, at *6-7 (D. Ariz. Sept. 18, 2020); *Adams v. United States*, 420 F.3d 1049 (9th Cir. 2005); *see also* Mot. at 14-15.

### C. Plaintiff Fails to State a Claim for Either Negligence or Negligent Infliction of Emotional Distress Under Texas Law

#### 1. Texas Law Applies Because That State Has the Most Significant Relationship with the Events in Question

Pursuant to the FTCA, the United States' liability is determined by the application of the law of the place where the act or omission occurred. *See* 28 U.S.C. § 1346(b)(1). Courts use the choice-of-law provisions from that state to determine what substantive law applies. *See Richards v. United States*, 369 U.S. 1, 8-10 (1962).

The allegedly tortious acts at issue in this case occurred entirely in Texas and Georgia. Though Plaintiff suggests that California's choice-of-law rules may apply, *see* Opp. at 15, the only nexus between California and this action is that Plaintiff moved there after the alleged incidents. *See id.* "[C]ourts have consistently held, in determining

which state's law should apply under a common-law choice-of-law analysis, that it is the plaintiff's residence at the time of the injury, not the time of filing, that is relevant." *Tullis v. Georgia-Pacific Corp.*, 45 S.W.3d 118, 127 (Tex. App. 2000); *see also Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 48, n.3 (9th Cir. 1972) ("Although plaintiffs now reside in California, their residence and domicile at the time of the accident are the relevant residence and domicile." (citing *Reich v. Purcell*, 432 P.2d 727, 730 (1967)). "'If the choice of law were made to turn on events happening after the accident, forum shopping would be encouraged.'" *See Summers*, 466 F.2d at 50, n.3 (quoting *Reich*, 67 Cal. 2d at 555). None of the cases cited by Plaintiff involve the scenario in this case, where plaintiff became a resident of the state after the incident. *See* Opp'n at 15-16 (citing *Reich*, 432 P.2d at 730 applying Ohio law where the incident took place in Missouri and plaintiffs were moving to California because plaintiffs were still considered Ohio residents; *Munguia v. Bekins Van Lines, LLC*, 2012 WL 5198480 (E.D. Cal. Oct.19, 2012) applying California law where plaintiffs were California residents at the time of the incident; *Guillory ex rel. Guillory v. United States*, 699 F.2d 781, 786 (5th Cir. 1983) applying Louisiana law where plaintiffs were Louisiana residents at the time of the incident; *Lacey v. United States of America*, 2013 WL 4759270, at *1 (D. Ariz. Sep. 4, 2013) applying Arizona law where plaintiff was an Arizona resident at the time of the incident; *Malibu Consulting Corp. v. Funair Corp.*, 2008 WL 583882, at *3 (W.D. Tex. Feb.28, 2008) applying California law where plaintiff was a California resident at the time of the incident).

  Here, Plaintiff's claims arise out of an alleged May 2018 separation in Laredo, Texas and the conditions of confinement resulting from Plaintiff's subsequent detention in Texas and Georgia. The claims and alleged injuries occurred immediately after Plaintiff applied for admission to the United States and prior to his moving to Los Angeles, California. In fact, Plaintiff was not a California resident until after he was paroled back into the United States in 2020 following his removal in 2018. Because none of the alleged acts giving rise to Plaintiff's claims occurred in California,

California's choice-of-law principles do not apply. And because the parties have not argued that Georgia choice-of-law principles should apply, *see* Opp. at 15-16 (analyzing Texas and California choice of law rules only), the Court should look to Texas's choice of law rules.

Texas has adopted "the most significant relationship test" as set forth in sections 6 and 145 of the Restatement (Second) of Conflicts. *See Crim v. Int'l Harvester Co.*, 646 F.3d 161, 163 (5th Cir. 1981) (citing *Gutierrez v. Collins*, 583 S.W.2d 312 (Tex. 1979)). The Texas Supreme Court in *Gutierrez* explained:

> [S]ection 6 of the Restatement (Second) of Conflicts sets out the general principles to be applied in determining which state's law has the most significant relationship to the occurrence in question, including: (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, and (e) the basic policies underlying the particular field of law. Furthermore, due consideration must be given to the factors set forth in section 145 as they relate to the principles set forth in section 6, which includes: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality of the parties, and (d) the place where the relationship between the parties was centered.

*See Gutierrez*, 583 S.W.2d at 318. Again, any alleged wrongful acts and injuries occurred in Texas and Georgia. Plaintiff's alleged injury arises principally from a separation from his daughter, which occurred in Texas. Plaintiff also alleges claims arising from his confinement in Georgia. Based on these allegations, it also makes sense that any relationship between the parties would be centered in one of these two states.

By contrast, none of the allegations giving rise to Plaintiff's claims occurred in California. Plaintiff's only relation to California is the fact that he moved there <u>after</u> the alleged incidents. Even assuming this minimal contact with California favors Plaintiff, courts applying Texas choice-of-law rules have held that the plaintiff's place of residence should receive "less weight than the place of injury in the choice-of-law analysis." *Hooper v. Marriott Intern, Inc.*, 979 F.Supp.2d 735, 741 (N.D. Tex. Oct. 28, 2013); *see also Beatty v. Isle of Capri Casino, Inc.*, 234 F.Supp.2d 651, 656 (E.D. Tex. 2002) ("[B]oth the case law and the Restatement instruct this court to place more

emphasis on the place of the alleged misconduct than on the residential preference of the plaintiff ....") (citing *Jackson v. West Telemarketing Corp. Outbound*, 245 F.3d 518, 523 (5th Cir. 1981)); *Perez v. Lockheed* (*In re Air Disaster at Ramstein Air Base*), 81 F.3d 570, 577 (5th Cir. 1996). Similarly, in *Jackson*, the Fifth Circuit "found no error in the trial court's analysis of Texas choice of law rules" where the only contact with California was the fact that the plaintiffs resided there and "virtually all of the relevant conduct occurred in Texas which undeniably bears the most significant relationship to the subject matter." *Jackson*, 245 F.3d at 523.

So too here. Texas, as the place of injury, bears a far more significant relationship to the acts or omissions at issue in this case, as compared with California. Not only is the sole contact with California the fact that Plaintiff currently lives there, but even the relevance of that factor is diminished because Plaintiff was not a California resident when the alleged injury occurred. And, as noted, neither party has argued that the law of Georgia—the only state other than Texas in which relevant alleged acts or omissions occurred—should apply. *See Liberi v. Taitz*, 647 F. App'x 794, 796 n.1 (9th Cir. 2016) (failure to raise choice-of-law argument before district court waived the issue on appeal (citing *Duggan v. Hobbs*, 99 F.3d 307, 313 (9th Cir. 1996)); *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1267 (9th Cir. 2006) (parties' conduct waived choice-of-law issue). Accordingly, the Court should apply the substantive law of Texas.[2]

### 2. Plaintiff's Claims for NIED Should Be Dismissed For Failure to State a Claim Because Texas Does Not Recognize an Independent Tort Claim for NIED

As explained, Texas law does not recognize an independent action for negligent infliction of emotional distress ("NIED") absent a special duty imposed by law. *See* Mot. at 16. Though Plaintiff argues that a special duty is not required and that any legal

---

[2] As discussed, Georgia follows the "lex loci delicti" choice-of-law rule, under which the law of the state where the tort was committed applies. *See* Mot. at 15 n.6. Because Texas is the location in which the apprehension and separation occurred, Texas law should apply even under Georgia's choice-of-law rules.

duty may suffice as a basis for NIED claims, *see* Opp'n at 23., *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993), explicitly holds that "there is no **general** duty in Texas not to negligently inflict emotional distress," meaning that damages for mental anguish may be recovered only in connection with defendant's breach of "some other duty imposed by law," in other words, a special duty imposed by law. *Boyles*, 855 S.W. 2d at 594-595 (emphasis added).³ The court then explicitly overruled *St. Elizabeth Hospital v. Garrard*, 730 S.W.2d 649 (Tex. 1987), "to the extent that it recognizes an independent right to recover for negligently inflicted emotional distress." *Id*. at 595-596. The requirement that a special duty, separate and apart from a general legal duty, underlie an NIED claim is evidenced in *Fitzpatrick v. Copeland* 80 S.W.3d 297, 300 (Tex. Ct. App. 2018). In *Fitzpatrick*, the plaintiff brought an NIED claim stemming from a motor vehicle accident that resulted in the death of the driver of the van in which the plaintiff was a passenger. Although the plaintiff had not suffered a physical injury, after the accident, she began experiencing flashbacks of the event, uncontrollable crying, extreme restlessness and agitation, which affected her ability to sleep, and she was ultimately diagnosed with Post Traumatic Stress Disorder (PTSD). *See id*. The plaintiff argued that she was not asserting an NIED claim but merely "sought mental anguish damages" arising from the defendant's failure to use reasonable care in inspecting and operating his motor vehicle, but the trial court granted summary judgment on the grounds that Texas does not recognize a NIED cause of action as a matter of law. *See id*. at 300. The Texas Court of Appeals affirmed, holding the "'duty' that will sustain damages for NIED is not merely the general duty owed to avoid physical injury or property damages…but must be an

---

³ Although Plaintiff argues that *Boyles* does not require a special duty to establish an NIED claim, *see* Opp'n at 23 n.12, the language Plaintiff relies on is taken out of context. In *Boyles*, the court stated that "[t]he duties that Boyles owed to Kerr included the general duty not to **willfully** invade the other's privacy and the duty not to **intentionally** inflict emotional distress…it is unnecessary to recognize some other 'special duty' based on the parties' intimate relationship to provide a basis for recovery." *Boyles*, 855 S.W.2d at 600. This quote is related to intentional torts and unrelated to recovery under the theory of NIED. This interpretation makes sense considering the Court in *Boyles* found that Kerr could not recover under a theory of NIED.

existing duty to avoid negligently inflicting mental anguish damages." The Texas Court of Appeals in *Fitzpatrick* not only relied on *Boyles* but also relied on *Johnson v. Standard Fruit & Vegetable Co.*, 984 S.W.2d 633, 637 (Tex.Ct.App. 1997), *rev'd* on other grounds, 985 S.W.2d 62 (Tex.1998) where the Court recognized the "special duty" requirement when it stated that "as a matter of law, no 'special relationship' existed…so as to give rise to a 'special duty' allowing recovery for emotional distress."

Plaintiff extrapolates factually inapplicable cases in an unsuccessful attempt to identify a duty imposed by law that would allow for recovery of mental anguish damages and circumvent Texas's prohibition on NIED claims absent a special duty. *See* Opp'n at 21 (citing *Harris v. Harris County Hosp. Dist.*, 557 S.W.2d 353 (Tex. Civ. App. 1977), and *Browning v. Graves*, 152 S.W.2d 515 (Tex. Civ. App. 1941), which established a hospital-patient and jailer-prisoner duty, respectively). Plaintiff ignores *Villafuerte v. United States* 2017 WL 8793751, at *30-37 (S.D. Tex. Oct. 11, 2017), where the court found that Texas law does not recognize a special duty by immigration officials to prevent emotional distress by detainees. The absence of a special duty is sufficient to require dismissal of Plaintiff's NIED claims. Plaintiff's further argument that he has pled sufficient facts to establish a showing of "a special relationship, malice, or a particularly shocking injury," Opp'n at 23, fares no better. Plaintiff fails to identify Texas authority that finds a special relationship in a factually similar case. In terms of malice and a particularly shocking injury, Plaintiff cites *A.I.I.L. v. Sessions*, 2022 WL 99253 (D. Ariz. Mar. 31, 2022), and *Ms. L. v. U.S. Immig. and Cust. Enf't*, 310 F. Supp. 3d 1133, 1145 (S.D. Cal. 2018)), neither of which assesses the element of "malice" or a "particularly shocking injury" as it relates to Texas law.[4] Because Plaintiff has failed to establish a special duty imposed by law to warrant recovery for negligently inflicted anguish,

---

[4] Indeed, *Ms. L* does not involve tort claims. Plaintiff cannot rely on the constitutional claims at issue in *Ms. L* to establish a tort action under Texas law, as constitutional tort claims are not actionable under the FTCA. *See Correctional Servs. Corp v. Malesko*, 534 U.S. 61, 71-72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims.").

Plaintiff's NIED claim should be dismissed.[5]

### 3. Plaintiff Fails to State a Claim for Negligence Under Texas Law Because He Did Not Suffer a Physical Injury

To prevail on a negligence claim under Texas law, a plaintiff must prove a legal duty, a breach of that duty, and damage proximately caused by the breach. *Gann v. Anheuser-Busch, Inc.*, 394 S.W.3d 83, 88 (Tex. Ct. App. 2012). In *E.L.A. v. United States*, 2022 WL 2046135, at *6 (W.D. Wash. June 3, 2022), in a virtually identical fact pattern, the court found that plaintiffs had failed to identify any legal duty owed to plaintiffs and thus could not state a claim for negligence under Texas law. Similarly, in this case, Plaintiff has failed to identify a duty owed to him and his reliance on factually distinct cases does nothing to identify one. *See* Opp'n at 21 (citing *Harris* and *Browning*, which established a hospital-patient and jailer-prisoner duty, respectively).

Additionally, Plaintiff fails to allege the requisite physical injury necessary to assert a negligence claim. Plaintiff does not dispute that negligence claims under Texas law must include physical injury. *See* Opp'n at 20; *see also* Mot. at 16-17. As in *Villafuerte*, *see* Mot. at 17, Plaintiff here has not alleged any physical injuries and instead has sought to assert what amounts to an NIED claim under the guise of a negligence claim. But, as discussed, Plaintiff cannot establish a special duty imposed by law that would warrant recovery for mental anguish damages absent a physical injury. It is well established that under Texas law, "a plaintiff may not recast his claim in the language of another cause of action to avoid limitations or compliance with mandatory statutes or to circumvent existing case law contrary to the plaintiff's position." *Brumfield v. Williamson*, 634 S.W.3d 170, 209 (Tex. Ct. App. 2021) (collecting cases showing

---

[5] Indeed, the same is true even under California law (which does not apply). Though Plaintiff relies on *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992), the California Supreme Court in *Burgess* explicitly held that the "negligent causing of emotional distress is **not an independent tort**, but the tort of negligence with the traditional elements of duty, breach of duty, causation, and damages." *Burgess*, 2 Cal. 4th at 1064. Plaintiff has already asserted a negligence cause of action; therefore, his NIED cause of action is duplicative and cannot be asserted independently if California law were somehow found to apply.

various examples).

Plaintiff argues a negligence claim can be based on a physical injury that is a manifestation of emotional distress. *See* Opp'n at 20. The "physical injuries" Plaintiff alleges included PTSD, anxiety, flashbacks, sadness, inability to sleep, and physical illness while in detention, including high fever, chills, body aches, severe headaches, debilitating pain, hair loss, and a urinary tract infection. *See* Opp'n at 22, 25. However, Courts in Texas have already concluded that those sorts of symptoms do not establish the physical injury requirement. *See Villafuerte*, 2017 WL 8793751, at *11 (finding that "pain from prolonged exposure to extremely low temperatures, sleep deprivation, hunger, stomach aches, headaches, weakness, dizziness, and symptoms of trauma, depression, and anxiety" did not constitute physical injuries); *Fitzpatrick*, 80 S.W.3d 299-300 (affirming the findings that PTSD is a psychological injury and flashbacks, anxiety, inability to sleep, were not physical injuries); *see also City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997) (finding that "minor physical symptoms…such as difficulty sleeping, are not serious bodily injuries that can form the basis for recovering mental anguish damages.").

Since Plaintiff has failed to establish a duty owed or a physical injury his negligence claim should be dismissed.

## II.  CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that the Court transfer this case to the Southern District of Texas or, in the alternative, Defendant moves to dismiss Plaintiff's Complaint to the extent it alleges institutional tort claims pursuant to Fed. R. Civ. P. 12(b)(1).

Additionally, Defendant moves to dismiss Plaintiff's Negligence and Negligent Infliction of Emotional Distress claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

| | | |
|---|---|---|
| 1 | Dated: December 1, 2022 | Respectfully submitted, |
| 2 | | E. MARTIN ESTRADA<br>United States Attorney |
| 3 | | DAVID M. HARRIS<br>Assistant United States Attorney |
| 4 | | Chief, Civil Division<br>JOANNE S. OSINOFF |
| 5 | | Assistant United States Attorney<br>Chief, General Civil Section |

　　　　　　　　　　　　　　　　　　　　/s/ *Christina Marquez*
　　　　　　　　　　　　　　　　　　CHRISTINA MARQUEZ
　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　Attorneys for United States of America