MILBANK LLP
Linda Dakin-Grimm (State Bar #119630)
Ldakin-grimm@milbank.com
Mark Shinderman (State Bar #136644)
Mshinderman@milbank.com
Asena Baran (State Bar #342626)
Abaran@milbank.com
Marina S. Markarian (State Bar #340686)
Mmarkarian@milbank.com
2029 Century Park East, 33rd Floor
Los Angeles, CA  90067
Telephone: 424-386-4404
Facsimile: 213-629-5063
Julie M. Wolf (admitted *pro hac vice*)
Jwolf@milbank.com
1850 K Street NW, Suite 1100
Washington, DC 20006
Telephone: 202-835-7534
Facsimile: 202-263-7534

*Pro Bono* Attorneys for Plaintiffs,
Esvin Fernando Arredondo Rodriguez and A.F.A.J.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ESVIN FERNANDO ARREDONDO RODRIGUEZ INDIVIDUALLY AND A.F.A.J., A MINOR, BY HER GUARDIAN AD LITEM, JEFFREY HAMILTON, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No.: CV 22-02845-JLS-AFM <br><br> **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR DOCUMENT PRODUCTION AND ENTRY OF PROTECTIVE ORDER** <br><br> **[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE ALEXANDER F. MACKINNON]** <br><br> Hon. Alexander F. MacKinnon <br> Date: April 11, 2023 <br> Time: 10:00 AM |

1

## **<u>TABLE OF CONTENTS</u>**

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.     DEFENDANT UNEQUIVOCALLY COMMITTED TO
       PRODUCING DOCUMENTS WITHOUT ANY CONTINGENCIES ........1

II.    PURPORTED "TECHNOLOGY ISSUES" DO NOT EXCUSE
       DEFENDANT'S FAILURE TO PRODUCE DOCUMENTS ....................2

III.   PLAINTIFFS SHOULD NOT BEAR THE BURDEN OF CURING
       DEFENDANT'S FAILURE TO DESIGNATE COMMON
       DISCOVERY DOCUMENTS PROPERLY .................................................3

       A.    Defendant Does Not Deny the Burdens Imposed onto Plaintiffs
             by its Proposed Protective Order .........................................................3

       B.    The Protective Order Entered in *A.P.F.* and *C.M.* Should Not
             Govern Here in Light of the Government's Admitted Conduct
             in Those Cases ....................................................................................4

On December 29, 2022, Defendant United States of America ("Defendant") agreed to provide Plaintiffs Esvin Fernando Arredondo Rodriguez and his minor daughter A.F.A.J. (together, "Plaintiffs") various documents, including the Common Discovery documents,[1] by February 9, 2023. (Document No. 40, at 3-4). Defendant reconfirmed this agreement on January 23, 2023, but failed to produce any documents. Despite benefiting from multiple extensions in this case, Defendant now seeks to delay any production of Common Discovery indefinitely. *Id.* at 3-4, 7-8.

On March 15, 2023, Plaintiff filed their Motion to Compel production of documents and, together with Defendant, submitted a joint stipulation setting forth the parties' respective positions concerning their discovery dispute over the production of documents relating to Defendant's initial disclosures, as well as the scope of protective order for this litigation. (Document Nos. 39, 40, 45). Pursuant to Local Rule 37-2.3, Plaintiffs present this Supplemental Memorandum in Support of Plaintiffs' Motion for Document Production and Entry of Protective Order.

## I.   DEFENDANT UNEQUIVOCALLY COMMITTED TO PRODUCING DOCUMENTS WITHOUT ANY CONTINGENCIES

Defendant claims that "production of the Common Discovery and any other sensitive information" in this case has always been "contingent upon the Court entering a protective order." Joint Stipulation at 7 (Document No. 40). This is simply not the case. Indeed, Defendant did not state its intention to withhold the previously-agreed production of documents absent entry of its protective order until January 27, 2023—nearly ten months after Plaintiffs filed the complaint initiating this litigation. *See id.* at 4. In December 2022, following the Court's denial of Defendant's Motions to Dismiss and to Transfer Venue, Plaintiffs granted Defendant's fourth request for

---

[1] "Common Discovery" includes documents produced by the government in *C.M. v. United States*, No. 19-cv-05217-PHX-SRB (D. Ariz.) ("*C.M.*"), *A.P.F. v. United States*, No. 20-cv-0065-PHX-SRB (D. Ariz.) ("*A.P.F.*"), and all Federal Tort Claims Act family separation cases. Plaintiffs expect the production of Common Discovery to be ongoing as additional productions are made in the aforementioned cases.

an extension, contingent on Defendant's commitment to *produce actual documents* with its Rule 26(a)(1)(A) initial disclosures by February 9, 2023. *See* paragraph 5 of the Declaration of Marina Markarian ("Markarian Decl."), submitted as Exhibit A to the Joint Stipulation (Document No. 40); *see also* the email exchange between Asena Baran and Christina Marquez dated December 29, 2022, submitted as Exhibit B to the Markarian Decl. (Document No. 40). Plaintiffs expressly stated their expectation "that as an initial Rule 26 production, [Defendant is] already in a position to produce both documents specific to the plaintiffs and also the so-called 'common discovery' that Defendant has produced in other family separation FTCA cases." *Id.* Defendant agreed to Plaintiffs' terms for obtaining this fourth extension in the case, without stating that Defendant would withhold documents absent a court-entered protective order. *See id.* Nor did Defendant ever seek a protective order.

Defendant's present reliance on the parties' dispute over the form of a protective order is a distraction and does not excuse Defendant's breach of its agreement to produce documents in this year-old case by February 9, 2023. Defendant has failed to provide ***any*** documents, including those that contain non-confidential information. Joint Stipulation at 2; Markarian Decl., ¶ 12. Moreover, Defendant rejected Plaintiffs' offer to temporarily abide by Defendant's proposed protective order to permit Defendant time to seek a protective order from this Court. *Id.* at ¶ 11. And Defendant did not seek a protective order itself.

## II.   PURPORTED "TECHNOLOGY ISSUES" DO NOT EXCUSE DEFENDANT'S FAILURE TO PRODUCE DOCUMENTS

Defendant claims that its "Common Discovery Relativity Database" is "currently experiencing technical issues, which is not allowing for export of the productions." Joint Stipulation at 7. But this alleged technical issue does not extinguish Defendant's obligation to provide the Common Discovery documents.

Implicit in Defendant's agreement with Plaintiffs was Defendant's knowledge that it had the capacity to produce the Common Discovery by the agreed date. *See*

-2-

Markarian Decl., ¶ 5. But Defendant did not inquire about obtaining the Common Discovery documents from its Litigation Technology Support Specialist Unit until a full month after entering into the agreement with Plaintiffs, and only ten days short of its deadline to produce the relevant documents. *See* paragraph 8 of the Declaration of Christina Marquez ("Marquez Decl."), submitted as exhibit to the Joint Stipulation (Document No. 40).

Moreover, the alleged technical issues, assuming they exist, have inexplicably persisted for at least eight weeks. *See id.* The resources of the United States government are not so scarce as to prevent the swift resolution of such technical issues. Defendant must resolve these ongoing technology limitations immediately and provide the documents it previously committed to doing. If Defendant continues to rely on purported technical issues to excuse its nonperformance, the Court should order Defendant to provide sufficient documentation to evidence the technical issues as well as an estimated date of resolution.

## III. PLAINTIFFS SHOULD NOT BEAR THE BURDEN OF CURING DEFENDANT'S FAILURE TO DESIGNATE COMMON DISCOVERY DOCUMENTS PROPERLY

### A. Defendant Does Not Deny the Burdens Imposed onto Plaintiffs by its Proposed Protective Order

Defendant does not deny that its proposed revisions to Section 5 of Magistrate Judge Alexander F. MacKinnon's model protective order would "shift[] the government's responsibility to carefully designate its documents only where justifiable to *In Forma Pauperis* Plaintiffs and their *pro bono* counsel." Joint Stipulation at 7. Nor does Defendant deny that Defendant's proposed revision to Section 5 "would have allowed the Government blanketly to designate thousands of pages of discovery as confidential, regardless of whether only certain portions of the material qualify for protection." *See id.*; *see* paragraph 3 of the Declaration of James F. McConnon, Jr. ("McConnon Decl."), submitted as exhibit to the Joint Stipulation

-3-

(Document No. 40) ("[T]his provision permits the documents therein obtaining Confidential Information to be marked [as such] without the need to 'clearly identify the protected portions' on each page."). Instead, Defendant claims only that the modification to the model order would prevent *the government* from "having to re-review those approximately 60,000 pages of documents to add annotations before production." Joint Stipulation at 10. Defendant contends (without evidentiary support) that properly marking the documents "would be a very significant undertaking" that "would involve many months spent by numerous attorneys," but fails to acknowledge that it has the resources properly designate those documents. McConnon Decl., ¶ 3. Furthermore, the procedure Defendant suggests for Plaintiffs' to challenge a blanket confidentiality designation would itself be a significant undertaking that Plaintiffs should not have to bear. The burden of making proper designations should remain with the party producing the documents.

Nor does Defendant deny that its proposed revision to Section 12 would "shift[] the government's responsibility carefully to designate its documents only where justifiable to *In Forma Pauperis* Plaintiffs and their *pro bono* counsel who would have to study each individual document actually produced to determine whether it automatically is confidential." Joint Stipulation at 6. Defendant has not set forth any justification for the provision, except that it is "consistent with the protective orders" in other cases (where Defendant succeeded in escaping its obligations under the Federal Rules). *See id.* at 10-11. The Court should reject Defendant's attempt to escape its designation responsibilities and unduly burden Plaintiffs instead.

**B.    The Protective Order Entered in *A.P.F.* and *C.M.* Should Not Govern Here in Light of the Government's Admitted Conduct in Those Cases**

Defendant claims that the language in its proposed protective order "derives from extensive negotiations between the parties involved in" the *A.P.F.* and *C.M.* cases in another jurisdiction. *Id.* at 8. Defendant further contends that entering Judge

-4-

  
MacKinnon's model protective order "as-is . . . would effectively undo the extensive negotiations already conducted in these types of cases, to provide for timely and efficient disclosure of the Common Discovery." *Id.* But Plaintiffs here were not parties to those negotiations and cannot be bound by them. Moreover, the record shows that the Defendant's admitted conduct in those cases is far from a model for discovery.

Defendant's proposed modifications to Sections 5.1 and 5.2 of the protective order in this case shift the burden to properly designate confidential material from the government to the plaintiffs. Although the *A.P.F.* and *C.M.* plaintiffs may have agreed to assume that burden, Plaintiffs here do not agree to such shifting.

In December 2022, the plaintiffs in *A.P.F.* and *C.M.* filed a Motion for Sanctions against the government alleging serious misconduct. *Motion for Sanctions*, *A.P.F. v. United States*, No. 20-00065-PHX-SRB (D. Ariz. Dec. 14, 2022), ECF No. 328. The government *admitted* many of the allegations, including withholding voluminous handwritten notes and documents from plaintiffs until after discovery (and depositions) were completed, and the removal of annotations from produced documents. *See Opposition to Plaintiffs' Motion for Sanctions*, *A.P.F. v. United States*, No. 20-00065-PHX-SRB (D. Ariz. Jan. 11, 2023), ECF No. 338. The government conceded that it withheld handwritten notes from Matthew Albence, former Immigration and Customs Enforcement ("ICE") Executive Associate Director for Enforcement and Removal Operations, as well as hardcopy documents from former Acting DHS Secretary Elaine Duke, former DHS Secretary Kirstjen Nielsen, and former DHS Secretary John Kelly until after the discovery cut-off. *Id.* at 3-4, 10-11. The government further conceded that it produced documents from ICE custodians that were stripped of their track changes and comments. *Id.* at 5, 11-12. The serious allegations against the government in *A.P.F.* and *C.M.* contradict any proposal that those cases and their protective orders serve as model for this present litigation.

1    Dated:      March 28, 2023          Respectfully Submitted,

2

3                                        **MILBANK LLP**

4                                        By:_____

5                                        Linda Dakin-Grimm (State Bar #119630)
                                         Ldakin-grimm@milbank.com

6

7                                        Mark Shinderman (State Bar #136644)
                                         Mshinderman@milbank.com

8                                        Asena Baran (State Bar #342626)
                                         Abaran@milbank.com

9                                        Marina S. Markarian (State Bar #340686)

10                                       Mmarkarian@milbank.com
                                         2029 Century Park East, 33rd Floor

11                                       Los Angeles, CA 90067

12                                       Telephone: 424.386.4000
                                         Facsimile: 213.629.5063

13

14                                       Julie Wolf (admitted *pro hac vice*)

15                                       Jwolf@milbank.com
                                         1850 K Street NW, Suite 1100

16                                       Washington, DC 20006
                                         Telephone: 202-835-7534

17                                       Facsimile: 202-263-7534

18

19

20                                       *Pro Bono* Attorneys for Plaintiffs,

21                                       Esvin Fernando Arredondo Rodriguez and
                                         A.F.A.J.

22

23

24

25

26

27

28

-6-