**MILBANK LLP**
**Linda Dakin-Grimm (State Bar #119630)**
Ldakin-grimm@milbank.com
**Mark Shinderman (State Bar #136644)**
Mshinderman@milbank.com
**Asena Baran (State Bar #342626)**
Abaran@milbank.com
**Marina S. Markarian (State Bar #340686)**
Mmarkarian@milbank.com
2029 Century Park East, 33rd Floor
Los Angeles, CA  90067
Telephone: 424-386-4404
Facsimile: 213-629-5063
**\*Additional counsel listed on signature page**

*Pro Bono* Attorneys for Plaintiffs,
Esvin Fernando Arredondo Rodriguez and A.F.A.J.

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ESVIN FERNANDO ARREDONDO RODRIGUEZ INDIVIDUALLY AND A.F.A.J., A MINOR, BY HER GUARDIAN AD LITEM, JEFFREY HAMILTON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: CV 22-02845-JLS-AFM<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR DOCUMENT PRODUCTION AND ENTRY OF PROTECTIVE ORDER**<br><br>Hon. Alexander F. MacKinnon |

On April 11, 2023, the Court held a hearing on Plaintiffs' Motion for Document Production and Entry of Protection Order. ECF No. 45. At that hearing, the Court indicated that it was inclined to implement the Court's model protective order with language providing an interim period of time during which Plaintiffs would maintain the confidentiality of Defendant's document productions, and during which Defendant would be ordered to conduct the particularized review required under Federal Rule of Civil Procedure 26(c) and controlling Ninth Circuit precedent. The Court gave Defendant the opportunity to file a supplemental brief identifying any cases in which courts approved a protective order like that suggested by Defendant, over the objection of the opponent, and in which the courts engaged in discussion and analysis. Defendant filed its supplemental brief on April 18, 2023. ECF No. 53. Pursuant to this Court's direction, Plaintiffs file this supplemental brief.

## I. DEFENDANT'S SUPPLEMENTAL BRIEF FAILED TO ADHERE TO THIS COURT'S INSTRUCTIONS

Despite this Court's clear instructions limiting the scope of the supplemental briefing, Defendant's brief does precisely what the Court cautioned it not to do. The Court expressly limited supplemental briefs to the issue of Defendant's proposed mass designations of confidentiality. The Court further instructed Defendant to cite cases that involve contested protective orders, where (1) a court permitted a party to use mass confidentiality designations without regard for the content of specific documents, over objection; and (2) the court explained the legal support for such a deviation from the law in this Circuit. Instead, Defendant dedicated all but two paragraphs of its brief to arguments that the Court already rejected at the hearing: that following the standard protocol for justifying confidentiality treatment is too burdensome for the government (but not for Plaintiffs) and citing stipulated protective orders as support for its position.

Despite this Court's instruction not to cite cases in which the government's proposed protective order was simply stipulated by the parties and signed off by a court without analysis, Defendant did just that. ECF No. 53 at 3-5, 6, 8-10. None of the family

-2-

separation cases Defendant cited involved a contested protective order. *See, e.g., P.G., et al. v. United States*, No. 4:21-cv-04457-KAW (N.D. Cal. Sep. 7, 2022), ECF No. 58 at 2; *A.I.I.L., et al. v. Sessions, et al.*, No. 4:19-cv-00481 (D. Ariz. July 15, 2022), ECF No. 105 at 1; *Benitez, et al. v. Miller, et al.*, No. 3:22-cv-00884-JCH (D. Conn. Jan. 05, 2023), ECF No. 51 at 1.[1] That other plaintiffs in other cases agreed to Defendant's terms obviously does not bind Plaintiffs in this case. Plaintiffs do not agree to those terms, which would be tremendously unfair to them.

Defendant dedicates a significant portion of its supplemental brief to rearguing that it should be allowed routinized, mass designation of documents as confidential because complying with the requirements applicable to every other litigant is too burdensome for the federal government. ECF No. 53 at 1-5, 7. Defendant makes this argument notwithstanding this Court's statement at the hearing that if any litigant has the resources to comply with the review process, it is the government. The government simultaneously—and nonsensically—argues that for Plaintiffs (an *in forma pauperis* father and daughter with *pro bono* counsel), assuming the burden of reviewing the government's documents for confidentiality would be "simple." *Id.* at 6, 10. Defendant cannot have it both ways.

Perhaps most disturbingly, in a further attempt to bolster its burden argument, Defendant invokes the horrific Robb Elementary School shooting in Uvalde, Texas, a matter unrelated to this case. *Id.* at 2. The decision to reference this unrelated tragic event is a shameful attempt to garner sympathy for the government at the expense of children.

---

[1] Defendant also cited the stipulated protective orders entered in *A.E.S.E. et al. v. United States, et al.*, No. 2:21-cv-00569 (D.N.M.); *A.F.P. et. al. v. United States*, No. 1:21-at-00548 (E.D. Cal.); *A.P.F. v. United States*, No. 2:20-cv-00065 (D. Ariz.); *C.M. v. United States*, No. 2:19-cv-05217 (D. Ariz.); *B.A.D.J. v. United States*, No. 2:21-cv-00215 (D. Ariz.); *E.C.B. v. United States*, No. 2:22-cv-00915 (D. Ariz.); *E.S.M. v. United States*, No. 4:21-cv-00029 (D. Ariz.); *F.R., et al. v. United States*, No. 2:21-cv-00339 (D. Ariz.); *D.J.C.V. et al. v. United States*, No. 1:20-cv-05747 (S.D.N.Y.); *R.Y.M.R. et al. v. United States*, No. 1:20-cv-23598 (S.D. Fla.); and *Nunez Eueceda v. United States*, No. 2:20-cv-10793 (C.D. Cal.). ECF No. 53 at 2 n.4.

The Court gave the government a post-hearing chance to provide relevant case law supporting the imposition of a protective order permitting mass confidentiality designations over objection. The Defendant instead reargued matters already rejected at the hearing.

## II. DEFENDANT PROVIDED NO AUTHORITY TO SUPPORT ITS POSITION

Defendant cited only two cases involving contested protective orders, but neither supports their argument here. *Juniper Networks, Inc. v. Bahattab*, No. CV 07-1771 (PLF)(AK), 2008 WL 11403235 (D.D.C. Nov. 12, 2008), a non-binding case from another Circuit, contains no discussion or analysis by the court. Instead, in a single paragraph, the court briefly recounted the arguments of each side, then summarily concluded that the plaintiff had shown good cause for its request to make confidentiality designations on a partial document basis. *Id.* at *3. Not only does this case lack the discussion the Court sought, but the discovery at issue—complex computer source code related to a patent claim—is significantly different from the discovery in the case at bar—document production that is standard in civil litigation. *Id.*

The only other case Defendant cited, again a non-binding case from another Circuit, is equally off point. In *Kristoff-Rampata v. Publix Super Markets, Inc.*, No. 3:15-CV-1324-J-20PDB, 2016 WL 11431488, at *1 (M.D. Fla. Sept. 9, 2016), the plaintiff refused to consider *any* protective order. The defendant company in that labor and employment case then moved the court for a protective order proposing that two discrete categories of business records be designated as confidential. *Id.* at *2. The court applied the good cause standard and determined that the defendant had shown "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting [its] need for a protective order." *Id.* (quotations and citations omitted). The defendant there met this standard by demonstrating that the two categories of documents at issue—confidential internal policies and certain personnel records—were consistently treated as confidential within the defendant organization and qualified

as "trade secrets," the disclosure of which would provide an advantage to the defendant's competitors. *Id.* at *3. Here, as Defendant's supplemental brief makes clear, the Common Discovery has not been consistently treated as confidential. ECF No. 53 at 6. Furthermore, any policies or personnel records contained in the Common Discovery are not "trade secrets" and there are no "competitors" of Defendant that would receive an advantage as a result of discovery in this case.

Defendant has not attempted to make the particularized good cause showing required by Rule 26, and has failed to provide any authority supporting either (1) the granting of its proposed protective order permitting the mass designation of confidentiality over objection, or (2) deviation or variation of the good cause standard.

### III. DEFENDANT IS UNABLE TO SHOW GOOD CAUSE FOR MASS DESIGNATIONS OF CONFIDENTIALITY

Federal Rule of Civil Procedure 26(c) requires a showing of "good cause" for the issuance of a contested protective order. Fed. R. Civ. P. 26. The good cause showing must be specific and particularized to the particular document (or portion of document) the movant seeks to protect. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006) (requiring a "particularized showing" of good cause for a court to enter a protective order absent stipulation). Protective orders that permit routinized, mass designation of confidential material are by their very nature "overinclusive." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Disclosure is favored. *Id.* at 475.

Here, Defendant seeks to avoid making the particularized showing of good cause required by Rule 26 and Ninth Circuit precedent. Instead, Defendant attempts to shift the good cause burden to Plaintiffs. ECF No. 53 at 2 ("Plaintiffs have not specified how [Defendant's proposed approach] would prejudice their case"). As the party requesting to make mass confidentiality designations, the Defendant bears the burden of demonstrating particularized, document-specific good cause for its request—not

Plaintiffs. *Foltz*, 331 F.3d at 1130. Defendant's proposal also seeks to shift the burden of performing a confidentiality review to Plaintiffs, mischaracterizing Plaintiffs' request that Defendant properly review and designate confidential material as a request for "redesignation." ECF No. 53 at 10. There is no "redesignation" here. Defendant has not performed the proper "designation" under the Federal Rules and instead seeks to designate *all* Common Discovery as confidential.[2] ECF No. 40 at 38-40.

Both as part of the parties' Rule 26(f) conference and at the hearing before the Court, Plaintiffs have offered to maintain the confidentiality of Defendant's productions for an interim period to enable Defendant to conduct the required review and designation required both by this Court's model protective order and Rule 26. This approach, also suggested by the Court, would merely give Defendant additional time to comply with the review and designation required under the Federal Rules.

Defendant has known for more than two years that it would be called upon to produce discovery in family separation cases. ECF No. 53 at 6. It chose to make mass, routinized confidentiality designations in the first case litigated, apparently with that plaintiff's consent. While that plaintiff and counsel may have been willing to acquiesce, that choice is not binding here. Defendant must be held to the particularized good cause standard and its request for mass confidentially designations without such a showing should be denied.

---

[2] Defendant argues for the first time in its supplemental brief that it has applied "document-by-document confidentiality designations and privilege assertions" to the Common Discovery documents. ECF No. 53 at 1. This is not the case. Defendant has previously admitted in its filings, proposed protective order, and in the hearing before this Court that it did not apply thoughtful document-by-document designations, but rather mass, routinized designations of all Common Discovery documents as confidential. ECF No. 40 at 11 (stating that the Common Discovery documents "do not notate the protected portions"); ECF No. 40 at 38 (requesting "routinized" confidentiality designations to all Common Discovery).

### IV. PROPOSED PROTECTIVE ORDER LANGUAGE

Following the April 11, 2023 hearing, the Court directed the parties to meet and confer regarding proposed language "for inclusion in the protective order that would allow Defendant to make blanket confidentiality designations at this time, subject to the requirement that the production be subsequently reviewed by Defendant on a document-by-document basis to determine whether specific documents should be redesignated as not confidential." ECF No. 52 at 1.

On April 14, 2023, Plaintiffs provided Defendant with the following proposed language for consideration:

> The Defendant shall promptly produce the documents identified in its Rule 26 disclosures, including but not limited to, the "Common Discovery" (as defined in footnote 1 of Plaintiff's Supplemental Memorandum, ECF No. 47). Subsequent to production, Defendant shall undertake a page-by-page review to identify protected portions of those documents in compliance with the Court's standard protective order as issued in this case. Defendant's review and identification of the protected portions of all documents produced shall be performed on a rolling basis and completed no later than November 8, 2023.
>
> Plaintiff will maintain the confidentiality of all Defendant produced documents from the time of Defendant's initial production until the earlier of November 8, 2023, or the completion of Defendant's review and identification of the portions of the documents that merit confidentiality. Plaintiff further agrees that during this period any portion of the Common Discovery that must be filed or introduced in connection with motion practice or other business of the Court will be filed under seal.
>
> Defendant is not relieved of the obligation timely to produce a privilege log that complies with the Federal Rules of Civil Procedure and the Local Rules of this Court.
>
> The foregoing does not impact or impair Defendant's obligation to respond to and produce other documents responsive to Plaintiff's discovery requests immediately and in conformity with the Court's protective order issued in this case.

Declaration of Marina Markarian ("Markarian Decl.") at ¶ 3; Exhibit 1 to the Markarian Decl. at 4.

On April 19, 2023, the parties met to confer regarding the proposed language. Markarian Decl. at ¶ 5. At that conference, Defendant's counsel stated that she disagreed with the Plaintiffs' proposal because Defendant does not agree that it should be ordered to conduct a review of its documents. *Id.* Plaintiffs' counsel explained that the Court instructed that the proposed language should specifically address the period of time in which Defendant will conduct further review of its documents, if so ordered. *Id.* Defendant's counsel agreed that if Defendant is ordered to conduct a review, the proposed date of November 8, 2023 would be acceptable. *Id.* Plaintiffs' counsel invited Defendant's counsel to provide proposed edits to the suggested language or to propose alternative language that satisfied the guidance provided by the Court. *Id.* On April 21, 2023, Defendant's counsel provided the following proposed language:

> Upon, entry of the Defendant's proposed protective order, Defendant shall produce the documents identified in its Rule 26 disclosures, including but not limited to, the "Common Discovery" (as defined in footnote 1 of Plaintiff's Supplemental Memorandum, ECF No. 47). Defendant maintains its current confidentiality designations. In the event Plaintiffs wish to rely upon a document in a court filing, Defendant will promptly review each page and make line-by-line confidentiality designations. All spreadsheets, emails, and other documents containing third-party personally identifiable information (PII) who are not government employees are exempt from any requirement for line-by-line designations.

*Id.* at ¶ 6; Exhibit 1 to the Markarian Decl. at 1.

Given that Defendant's proposed language fails to address the subject the Court directed the parties to address, Plaintiffs request that their proposed language be adopted and included in the model protective order.

| | | |
|---|---|---|
| 1 | Dated: April 21, 2023 | Respectfully Submitted, |
| 2 | | **MILBANK LLP** |
| 3 | | |
| 4 | | By: /s/ Linda Dakin-Grimm |
| | | **Linda Dakin-Grimm (State Bar #119630)** |
| 5 | | Ldakin-grimm@milbank.com |
| 6 | | |
| | | **Mark Shinderman (State Bar #136644)** |
| 7 | | Mshinderman@milbank.com |
| 8 | | **Asena Baran (State Bar #342626)** |
| | | Abaran@milbank.com |
| 9 | | **Marina S. Markarian (State Bar #340686)** |
| 10 | | Mmarkarian@milbank.com |
| | | 2029 Century Park East, 33rd Floor |
| 11 | | Los Angeles, CA  90067 |
| 12 | | Telephone: 424-386-4404 |
| | | Facsimile: 213-629-5063 |
| 13 | | **Julie M. Wolf (admitted *pro hac vice*)** |
| 14 | | Jwolf@milbank.com |
| | | 1850 K Street NW, Suite 1100 |
| 15 | | Washington, DC 20006 |
| 16 | | Telephone: 202-835-7534 |
| | | Facsimile: 202-263-7534 |
| 17 | | **Elizabeth Hamilton (admitted *pro hac vice*)** |
| 18 | | 55 Hudson Yards, 34th Floor |
| | | New York, NY 10001 |
| 19 | | Telephone: 212-530-5049 |
| 20 | | Facsimile: 212-530-5219 |
| 21 | | |
| | | *Pro Bono* Attorneys for Plaintiffs, |
| 22 | | Esvin Fernando Arredondo Rodriguez and |
| | | A.F.A.J. |

-9-

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DOCUMENT PRODUCTION AND ENTRY OF PROTECTIVE ORDER