UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.  2:22-cv-02845-JLS-AFMx                                    Date:  May 1, 2023

Title    Esvin Fernando Arredondo Rodriguez v. United States of America

Present: The Honorable:    ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
N/A                                                              N/A

**Proceedings (In Chambers):  Order on Plaintiff's Motion for Document Production and Entry of Protective Order (Filed March 20, 2023; ECF No. 45)**

    This case concerns claims relating to the government's family separation policy in 2017 and 2018.  The parties dispute certain terms for a stipulated protective order to govern their production of confidential information and documents as part of their disclosures and discovery in this case.  The Court has entered a protective order based on the parties' filings, and the present minute order provides a further explanation regarding provisions in that protective order.

    The primary issue to be resolved is whether a "blanket" confidentiality designation should be permitted for documents to be produced.  As discussed during the April 11, 2023 hearing, a blanket designation of confidentiality – covering the entirety (or very large portions) of a document production – would not comply with Ninth Circuit law.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (good cause should be found for each document under Rule 26(c)); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("particularized showing" for Rule 26(c) protective order); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (blanket designations are overinclusive).  Instead, under the protective order, confidentiality designations shall be determined and applied on a document-by-document basis.[1]

    The government's post-hearing brief indicates that it has already made document-by-document confidentiality designations for many of the documents to be produced.  *See* ECF No. 53 at 2 ("The current version of the 63,000 document Common Discovery package with document-by-document confidentiality markings took numerous attorneys . . . over 4,000 hours to compile and review.").  If the government has applied confidentiality designations on a document-by-document

---

[1] While the government has pointed to other confidentiality orders that have been entered in other related cases, it appears that those orders were fully stipulation to by the parties in those cases and were not the subject of substantive discussions by the courts when the orders were entered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.   2:22-cv-02845-JLS-AFMx                                          Date:  May 1, 2023

Title         Esvin Fernando Arredondo Rodriguez v. United States of America

basis, then it has complied with the designation provision that the Court finds necessary for the production of those documents in this case.  The protective order entered by the Court does not require line-by-line confidentiality designations for initial document productions (or page-by-page designations).  Instead, it requires document-by-document confidentiality determinations and designations by the producing party.  If a portion of a document is confidential, then the document may be designated as confidential.  The government has not shown it cannot follow this designation practice in the present case and appears to be already following it generally.  Nor would this type of designation process harm or create an undue burden for either side in their production and use of the documents.  The Court acknowledges that this designation procedure differs from that of the form protective order found on its procedures and schedules page.  However, under the circumstances presented here – including the government's prior review and designation of the Common Discovery – the Court concludes that document-by-document confidentiality designation is the correct approach for this case. There is an additional provision in the protective order for subsequent meet-and-confer communications between the parties to determine if only portions of a document are confidential.  That process should be used where a more specific designation of confidentiality for a particular document would have a practical impact on the litigation and after further consultation with the Court.

      The Court has rejected a provision proposed by the government that would automatically deem documents containing personal identifying information as confidential – apparently without the documents being marked with a confidentiality designation.  That type of provision would lead to confusion and would run contrary to the principle that documents containing confidential information should be so designated on the face of the documents.

      Finally, in the event a substantial collection of documents exists that counsel concludes is responsive but not yet reviewed for confidentiality on a document-by-document basis, the protective order permits those documents to be produced with a group confidentiality designation – subject to the requirement that document-by-document review and designation by the producing party be completed no later than October 1, 2023.  The goal of this provision is to allow initial document productions to be made without undue delay.

      The Court has also resolved the wording of other disputed provisions as reflected in the protective order that has been entered.

      IT IS SO ORDERED.

**Initials of Preparer**       ib