MILBANK LLP
Linda Dakin-Grimm (State Bar #119630)
Mark Shinderman (State Bar #136644)
Marina Markarian (State Bar #340686)
2029 Century Park East, 33rd Floor
Los Angeles, CA  90067
Telephone: 424-386-4404
Facsimile: 213-629-5063
Email: Ldakin-grimm@milbank.com

Elizabeth Hamilton, *pro hac vice*
55 Hudson Yards
New York, New York 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219
Email: Ehamilton@milbank.com

*Pro Bono* Attorneys for Plaintiffs,
Esvin Fernando Arredondo Rodriguez and A.F.A.J.

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ESVIN FERNANDO ARREDONDO RODRIGUEZ INDIVIDUALLY AND A.F.A.J., A MINOR, BY HER GUARDIAN AD LITEM, JEFFREY HAMILTON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: CV 22-02845-JLS-AFM<br><br>**JOINT STIPULATION REGARDING DISCOVERY DISPUTE OVER DOCUMENT PRODUCTION; DEFENDANT'S REQUEST TO STRIKE PLAINTIFFS' PORTION FOR FAILURE TO COMPLY WITH LOCAL RULE 37**<br><br>**[DISCOVERY DOCUMENT: REFERRAL TO MAGISTRATE JUDGE REQUESTED]**<br><br>Date: October 25, 2023<br>Time: 10:00 AM |

# TABLE OF CONTENTS

I.     PLAINTIFFS' POSITION ON THE PRODUCTION OF COMMON
DISCOVERY DOCUMENTS .......................................................................... 1

II.    DEFENDANT'S POSITION ............................................................................ 4

Pursuant to Local Rule 37-2, Plaintiffs Esvin Fernando Arredondo Rodriguez ("Mr. Arredondo Rodriguez") and his minor daughter A.F.A.J. (together, "Plaintiffs") and Defendant United States of America ("Defendant") present this joint stipulation concerning a discovery dispute over the production of policy-level Common Discovery documents. This stipulation is made following the conference of counsel pursuant to Local Rule 7-3. The parties' positions are set forth below.

## I.   PLAINTIFFS' POSITION ON THE PRODUCTION OF COMMON DISCOVERY DOCUMENTS

By this motion, Plaintiffs seek an order compelling Defendant to produce non-plaintiff specific materials Defendant has already produced in other family separation cases.  These cases include *Wilbur P.G. et al. v. United States*, Civil Action No. 4:21-CV-04457-KAW, (N.D. Cal.),  and *Flores Benitez et al. v. Miller et al.*, Civil Action No. 22-cv-00884-JCH (D. Conn.).[1]  The documents at issue likely include policy-level documents and communications leading up to and regarding the Trump Administration's "Zero Tolerance" Family Separation Policy.  Defendant has not provided any basis for withholding these documents.   Plaintiffs originally requested the production of these documents more than six months ago and have repeatedly provided Defendant with additional time to complete their production. Given that Defendant has already produced the requested documents in other cases the decision to withhold production in this case is particularly egregious.

Defendant's conduct has materially delayed the progress of this sixteen-month-old litigation. The Complaint was filed and served in April 2022. Claiming

---

[1] There are approximately 31 Federal Tort Claims Act cases pending in federal courts across the country, by parents and children who were separated by Defendant under the Trump Administration's "Zero Tolerance" Family Separation Policy in 2017 and 2018. *See id.* at ¶ 3. Defendant has made productions of Rule 26 materials, and has responded to document requests and other discovery (including depositions) in some of these cases. Such productions are the "Common Discovery."

that it needed time to review and analyze thousands of pages of documents concerning Plaintiffs, Defendant sought and was granted two lengthy extensions on its time to respond to the Complaint. *See* paragraph 4 of the Declaration of Elizabeth Hamilton (the "Hamilton Decl."), submitted herewith as Exhibit A. Ultimately, Defendant moved to Dismiss and to Transfer Venue, delaying forward movement in the case until December 2022. *See id.* On December 29, 2022, following the Court's denial of Defendant's 12(b)(1) and 12(b)(6) Motions to Dismiss and Motion to Transfer venue, Defendant requested that Plaintiffs stipulate to yet another two-week extension to Defendant's statutory time to Answer. *See id.* at ¶ 4–5. Plaintiffs agreed to the additional extension on the condition that Defendant agree to complete Rule 26 initial disclosures by February 9, 2023 *and* as part of its initial disclosures produce the *actual documents* the parties have termed "Common Discovery." These Common Discovery documents consists of non-plaintiff specific materials that the government has already produced in other pending family separation Federal Tort Claims Act cases in this and other District Courts. Defendant agreed to these terms on December 29, 2022. *See* Hamilton Decl. Exhibit B to the Hamilton Decl. During the Rule 26(f) Conference, which took place on January 23, 2023, Defendant reconfirmed its agreement to actually produce the Common Discovery documents with its initial disclosures on or before February 9, 2023. Hamilton Decl., ¶ 6.

Following the Rule 26(f) conference, Defendant took a different position, seeking an protective order that disproportionately burdened Plaintiffs and redefining Common Discovery to include only the initial production of documents in two Family Separation-related FTCA cases.[2] Hamilton Decl., ¶¶ 7-8, Exhibits C, D. Plaintiffs sought and obtained assistance from the Court resulting in the entry of a standard protective order. Hamilton Decl. Exhibits E, F. Additionally, Plaintiffs again requested production of the non-plaintiff specific materials that the

---

[2] *A.P.F. et al. v. United States*, Civil Action No. 20-cv-00065-PHX-SRB (D. Ariz), and *C.M. v. United States*, Civil Action No. 19-cv-05217-PHX SRB (D. Ariz).

JOINT STIPULATION REGARDING DISCOVERY DISPUTE OVER DOCUMENT PRODUCTION

government has already produced—including *subsequent* productions in *A.P.F.* and *C.M.* cases and productions in other pending family separation Federal Tort Claims Act. *See* Hamilton Decl. Exhibit G. Following the entry of the protective order Defendant produced only the *initial* productions by the government in the *A.P.F.* and *C.M.* cases. Defendant has refused to produce the remaining Common Discovery.

The parties have conferred several times in an effort to address this issue. Following receipt of Defendant's initial production, Plaintiffs identified discrepancies with the scope of Common Discovery documents produced. Consistent with Local Rules Plaintiffs sent Defendant a letter requesting to meet and confer regarding these discrepancies. *See* Hamilton Decl. Exhibit H. Defendant responded initially by seeking an extension of the meet and confer timeline mandated by the Local Rules. Hamilton Decl. Exhibit I. Defendant later agreed to meet and confer within the time mandated by the Local Rules. *Id.* At the meet and confer on June 30, 2023, Defendant represented that it would confirm whether subsequent productions of non-plaintiff specific materials had been made in *A.P.F.*, *C.M.*, or other family separation cases. Hamilton Decl., ¶ 14. Defendant repeated this representation in subsequent communications on July 5, 10, and 14th. *See* Hamilton Decl. Exhibits J, K. Finally, on July 18, 2023, Defendant confirmed that the earlier production of Common Discovery included only the initial productions made in the *A.P.F.* and *C.M.* cases. Hamilton Decl. Exhibit L. Defendant claimed that the protective orders in place in other actions prevented them from producing to Plaintiffs in this action the very documents they had produced in other actions. *Id.*

Plaintiffs then requested judicial intervention by emailing Judge MacKinnon's chambers consistent with his chamber's practice. Plaintiffs were informed that Magistrate Judge MacKinnon had retired, but the email to chambers prompted Defendant to proposed an additional meet and confer. Hamilton Decl. Exhibit M. The parties held an additional meet and confer on August 4, 2023. At that meet and confer, Defendant initially claimed that producing the remaining

-3-

1  Common Discovery would be too burdensome for the Government.  Hamilton Decl.,
2  ¶ 19.  Later, Defendant suggested that the protective orders in place in other actions
3  would prevent Defendant from producing to Plaintiffs in this action the very
4  documents they had produced in other actions—the same assertion made previously
5  via email.  *Id.*  Plaintiffs then explained that protective orders generally limit the
6  recipient of a production from reproducing or otherwise using documents they
7  *received* in the course of litigation, but that parties are not prohibited from producing
8  their own material in a subsequent litigation because such a bar would in effect
9  prevent subsequent litigation.  Defendant next suggested that Plaintiffs' *pro se*
10 counsel reach out to plaintiff counsel in each of the other pending family separation
11 Federal Tort Claims Act cases to obtain documents.  *Id.*  Plaintiffs explained that the
12 plaintiffs in the other family separation cases would be unable to provide
13 Defendant's productions because they are the recipient and therefore bound by
14 protective orders issued in those cases.  *Id.*  Finally, at Plaintiffs' request, Defendant
15 agreed to spend two weeks confirming what remaining Common Discovery was
16 outstanding.  Hamilton Decl. Exhibit N.   Defendant failed to provide the promised
17 confirmation or additional production.

18       Plaintiffs now seek an order compelling Defendant to produce the remaining
19 Common Discovery materials—all non-plaintiff specific materials that the
20 government has already produced, both as subsequent productions in the *A.P.F.* and
21 *C.M.* cases and in other pending family separation Federal Tort Claims Act.

22 **II.    DEFENDANT'S INTRODUCTORY STATEMENT**

23       This case involves allegations arising from the separation of Plaintiffs, Esvin
24 Arredondo-Rodriguez and his daughter A.F.A.J., at the Laredo, Texas Port of
25 Entry in May 2018. *See generally* First Amended Complaint ("FAC"), Dkt. 28.
26 Plaintiffs were separated, following their request for asylum in the United States.
27 *See* FAC, at 20. Plaintiffs allege that they were separated pursuant to the Zero
28 Tolerance Policy. *See id*. However, the Zero Tolerance Policy applies to the policy

1    for prosecuting offenses under 8 U.S.C. § 1325(a), which applied only to those

2    who entered the United States *unlawfully*, not to those who entered this country

3    legally by applying for admission at a port of entry. *See* Declaration of Christina

4    Marquez "Marquez Decl." ¶ 22, Exhibit 4, Attorney General Jeff Sessions,

5    *Memorandum for Federal Prosecutors Along the Southwest Border* (April 6,

6    2018); *see also* 8 U.S.C. § 1325(a). While this case has been referred to as a

7    "Family Separation" case, given the allegations, the facts in this case do not

8    involve the Zero Tolerance Policy.  This is significant because policy level

9    documents pertaining to  "Zero Tolerance" are the subject of this discovery

10   dispute. *See* Plaintiffs' position at page 1 *supra.*

11          To date, there are approximately 40 pending cases (the "Family Separation

12   Cases") across the nation, including this matter.[3] The first cases filed in federal

13

14          [3] *See A.E.S.E. et al. v. United States*, et al., No. 2:21-cv-00569 (D.N.M.);
     *A.F.P. et. al. v. United States*, No. 1:21-at-00548 (E.D.Cal.); *Aguilar Morales, et al.
15   v. United States*, No.3:23-cv-00247-KC (W.D.Tex.) *A.I.I.L. et al. v. Sessions, et al.*,
     No. 4:19-cv-00481 (D.Ariz.); *A.P.F. v. United States*, No. 2:20-cv-00065 (D.Ariz.);
16   *C.M. v. United States*, No. 2:19-cv-05217 (D.Ariz.); *Gonzales de Zuniga, et al. v.
     United States*, No. 2:23-cv-00162-KRS-JHR (D.N.M.); *B.A.D.J. v. United States*,
17   No. 2:21-cv-00215 (D.Ariz.); *E.C.B. v. United States*, No. 2:22-cv-00915 (D.Ariz.);
     *E.S.M. v. United States*, No. 4:21-cv-00029 (D.Ariz.); *F.R., et al. v. United States*,
18   No. 2:21-cv-00339 (D.Ariz.); *J.P. et al. v. United States*, No. 2:22-cv-00683
     (D.Ariz.); *M.S.E., et al. v. United States*, No. 2:22-cv-01242 (D.Ariz.); *Fuentes-
19   Ortega et al. v. United States*, No. 2:22-cv-00449 (D.Ariz.) *B.Y.C.C. v. United
     States*, No. 3:22-cv-06586 (D.N.J.); *J.A.L.C. v. United States*, No. 3:22-cv-06587
20   (D.N.J.); *R.J.P. v. United States*, No. 3:22-cv-06588 (D.N.J.); *Caal et al. v. United
     States*, No. 1:23-cv-00598 (N.D.Ill.); *C.D.A., et al. v. United States*, No. 5:21-cv-
21   00469 (E.D.Pa.); *C.M.-D.V. v. United States*, No. 5:21-cv-00234 (W.D.Tex.); *D.A.et
     al. v. United States*, No. 3:22-cv-00295 (W.D.Tex.); *W.P.V., et al. v. United States*,
22   No. 3:23-cv-00074-DCG (W.D.Tex.); *J.R.G. et al. v. United States*, No. 4:22-cv-
     05183 (N.D.Cal.); *P.G. et al. v. United States*, No. 4:21-cv-04457 (N.D.Cal.); *I.T. v.
23   United States*, No. 4:22-cv-05333 (N.D.Cal.); *D.J.C.V. et al. v. United States*, No.
     1:20-cv-05747 (S.D.N.Y.); *E.L.A. et al. v. United States*, No. 2:20-cv-01524
24   (W.D.Wash.); *S.M.F. v. United States of America*, No. 2:22-cv-01193 (W.D.Wash);
     *K.O. et al. v. United States*, No. 4:20-cv-12015 (D.Mass.); *Leticia et al. v. United
25   States*, No. 1:22-cv-07527 (E.D.N.Y.); *F.C.C. v. United States*, No. 2:22-cv-05057
     (E.D.N.Y.); *Benitez et al. v. Miller et al.* No. 3:22-cv-00884 (D. Conn.); *R.Y.M.R. et
26   al. v. United States*, No. 1:20-cv-23598 (S.D.Fla.); *M.A.N.H. et al. v. United States*,
     No. 5:23-cv-00372 (C.D.Cal.); *J.P./M.A. v. United States*, No. 23-cv-01136
27   (C.D.Ill.); *J.J.P.B. v. United States, et al.*, No. 7:23-cv-00133 (S.D.Tex.); *M.M.C. et
     al. v. United States*, No. 1:23-cv-00158-WES (D.R.I.); *N.R. et al. v. United States*,
28   No. 4:23-cv-00201-JR (D.Ariz.); *P.C.J. et al. v. United States*, No. 2:23-cv-00780-
     DJH (D.Ariz.).

JOINT STIPULATION REGARDING DISCOVERY DISPUTE OVER DOCUMENT PRODUCTION

district court were *A.P.F. et al., v. United States*, No. 2:20-cv-00065-SRB (D. Ariz.) and *C.M. et al., v. United States*, No. 2:19-cv-05217-SRB (D. Ariz.).

The discovery in Family Separation Cases generally falls into two basic categories: (1) policy-level discovery; and (2) plaintiff-specific discovery. The policy-level discovery has been referred to in these cases as "Common Discovery." Policy-level discovery relates to the national, policy-related decision making of senior government officials, as well as the implementation of those policies by officials and employees with the Border Patrol Sectors, ICE Field Offices, and U.S. Attorney's Offices, in different regions of this country. *See A.I.I.L. et al. v. Sessions, et al.,* No. 4:19-cv-00481 (D.Ariz.), ECF No. 92 at 3. The "Common Discovery" is further defined as all documents that Defendant disclosed or otherwise produced in *A.P.F.* and *C.M.* (the first two cases filed) that are not specific to the Plaintiffs in those two actions. *See* Marquez Decl. ¶ 4. This is the "Common Discovery" that has been produced in the other Family Separation cases pending around the nation and consists of over 400,000 pages. *See id.*

The Common Discovery has been supplemented and revised based on court orders from the *C.M./A.P.F.* cases. *See* Marquez Decl. ¶¶ 16-19. Defendant produced the Common Discovery, as defined above, on May 2, 2023, following the entry of the governing protective order. Marquez Decl. ¶¶ 11-12. To the extent Plaintiff claims that Defendant only produced *initial* documents in *A.P.F.* and *C.M.*, Plaintiffs are mistaken. *See* Marquez Decl. ¶ 15. In fact, Plaintiffs had the same ability as defense counsel to compare the Common Discovery produced to Plaintiffs in this case, to orders in the *A.P.F.* and *C.M.* cases, in order to verify whether the discovery was current. Plaintiffs do not point to a single specific discrepancy in this case. *See* Marquez Decl. ¶¶ 16-19.

The dispute over the Common Discovery relates to how Plaintiffs are defining "Common Discovery." Plaintiffs have now redefined Common Discovery to include all non-plaintiff specific discovery produced in all Family Separation

cases, regardless of whether it is "common" to all Family Separation cases. *See* Marquez Decl. ¶ 5. Defendant never agreed to Plaintiffs' unilateral definition of "Common Discovery." *See id*. The e-mail Plaintiffs reference to suggest the parties agreed to Plaintiffs' definition of "Common Discovery" states in pertinent part "the so-called 'common discovery' that Defendant has produced in the other family separation FTCA cases." *See* Hamilton Decl. ¶ 5, Ex. B. Accordingly, Defendant produced what has been deemed the "Common Discovery" that has been produced in the other family separation FTCA cases. *See* Marquez Decl. ¶ 12.

Now, Plaintiffs are attempting to piggyback on the additional discovery conducted in other Family Separation cases without a sufficient showing of relevance or why the Common Discovery already produced, which consists of over 400,000 pages is inadequate. Plaintiffs have also not shown that their request for all non-plaintiff specific discovery in every other family separation FTCA case is proportional to the needs of this case.

## III.    DEFENDANT'S ARGUMENT

### A.    Plaintiffs' portion of this Joint Stipulation Fails to Comply With Local Rule 37 and May Not Form the Basis for a Motion to Compel

L.R. 37-2.1 requires that the parties' discovery dispute stipulation contain all issues in dispute and *the contentions and points and authorities regarding each issue*. Additionally, the stipulation may not refer to any other documents, and when a party states its contention on a particular issue, such party must also state how it proposed to resolve the dispute. *See id*.

Here, Plaintiffs' portion of the stipulation is devoid of points and authorities.[4] Rather, Plaintiffs regurgitate the same mischaracterized procedural

---

[4] Plaintiffs' letter dated June 21, 2023, Exhibit H, purports to satisfy the requirements of Local Rule 37-1.  However, this letter does not satisfy the requirements of Rule 37-1 because it fails to "provide any legal authority the

history[5] they have included in prior filings, history which is mostly irrelevant to this discovery dispute. *See* Hamilton Decl. ¶ 9, Ex. E at 2-4. Additionally, Plaintiffs fail to identify the specific discovery request at issue, nor did they include Defendant's objections thereto, in their portion of the stipulation, nor did they explain how they proposed to resolve the dispute.  For the Court's convenience, a copy of Defendant's response to Plaintiffs' document requests are attached hereto as Defendant's Exhibit 1. *See* Marquez Decl. ¶ 9, Ex.1.

Importantly, Plaintiffs merely cite two other Family Separation cases (*P.G.* and *Flores Benitez),* and then only by case number. However, Plaintiffs fail to identify, or provide any specific orders, in those cases on which they purport to rely. This is a clear violation of Local Rule 37.  To the extent Plaintiffs will seek to remedy these deficiencies in a supplemental briefing, this should not be allowed because doing so will not provide Defendant a fair opportunity to respond thereto given the time frames and page limits of Local Rule 37-2.3, and would create the

_____

moving party believes is dispositive of the dispute as to that issue/request), and fails to specify the terms of the discovery order to be sought."

[5] For example, Plaintiffs contend that they sought assistance from Judge Mackinnon, which resulted in the entry of a standard protective order. This is a blatant mischaracterization of what actually transpired. *See* Hamilton Decl. ¶ 10, Ex. F ("The Court acknowledges that this designation procedure differs from that of the form protective order found on its procedures and schedules page"). In actuality, Plaintiffs manufactured a discovery dispute, which resulted in the delayed production of the Common Discovery. *See* Marquez Decl. ¶ 6-11, Ex. 2 (Plaintiff could not articulate the prejudice which they would suffer given Defendant's proposed protective order). After oral argument on April 11, 2023 and supplemental briefing, the Court entered a protective order consistent with Defendant's request allowing for document by document designations. *See* Hamilton Decl. ¶ 10, Ex. F. Furthermore, Plaintiffs threatened to bring a motion to compel regarding an alleged three thousand documents missing in the Common Discovery (Plaintiffs' Exhibits H, I, J), but never did so because Defendant explained that such documents were duplicates and therefore not missing. *See* Hamilton Decl. ¶ 17, Ex. L.

1  type of "two ships passing in the night" outcome that the joint stipulation

2  requirements are designed to prevent.  Accordingly, Defendant requests that the

3  court strike, and not consider, Plaintiffs' portion of the Joint Stipulation.  In the

4  alternative, Defendant requests that Plaintiffs' motion be denied on the grounds

5  that it violates Local Rule 37.

6  **B.    Plaintiffs' Request Should be Denied Because it is Not Proportional**

7  **to the Needs of this Case**

8        Plaintiffs cannot piggyback on the discovery conducted in other Family

9  Separation cases without a sufficient showing of relevance, and proportionality to

10 the needs of the case.  *See* Fed.R.Civ.P. 26 (b).  In *Chen v. Ampco System Parking*,

11 2009 WL 2496729 (S.D. Cal. Aug. 14, 2009), the plaintiff moved to compel

12 discovery from four related state court cases against the same defendant. *See id*. at

13 *2. The court denied Chen's  motion to compel, holding that "the fact that Ampco

14 produced certain documents in the state cases does not necessarily make them

15 discoverable in this case…Rather, Plaintiff must specifically ask for the documents

16 he wants and be able to demonstrate that the information he seeks is relevant to his

17 claims in this case." *Id*. at *3. *See also Flotz v. v. State Farm Mut. Auto. Ins. Co*.,

18 331 F.3d 1122, 1132 (9th Cir. 2003) ("the collateral litigant must make a showing

19 that the requested material is relevant to the instant proceeding ….Such relevance

20 hinges 'on the degree of overlap in facts, parties, and issues between the suit

21 covered by the protective order and the collateral proceedings.'").

22        Here, Plaintiffs are seeking non-plaintiff specific discovery in all Family

23 Separation cases without establishing why this is relevant or proportionate to the

24 facts of this case.  The only cases Plaintiffs cite are *P.G.* and *Flores Benitez*, both

25 of which involved plaintiffs who were apprehended by Border Patrol after entering

26 this country illegally between ports of entry and were referred for prosecution.  *See*

27 *P.G.* and *Flores Benitez*, ECF No.1. As such, these cases are inapposite because

28 they implicate the Zero Tolerance Policy and, as explained above, the instant

action does not because the Plaintiffs approached a port of entry and sought admission. Thus, the actions of the Plaintiffs in this case fall outside the scope of the Zero Tolerance Policy because they did not commit a predicate violation of 8 U.S.C. 1325 by entering the United States unlawfully. Plaintiffs fail to recognize the structural difference between the CBP Office of Field Operations, which operates the ports of entry, and U.S. Border Patrol, which operates the Sectors and stations, and which are co-equal sub-components within CBP. *See* https://www.cbp.gov/document/publications/cbp-organization-chart.

With respect to the *P.G.* case, the court did order further discovery, but only from the *C.M.* and *A.P.F* cases, including non-plaintiff specific deposition transcripts in those cases, recognizing the Government's valid concerns about a "slippery slope" requiring production in all "the 42 cases currently pending" could cause. *See P.G.*, ECF No. 106, Sep. 28, 2023 Order. For the Court's convenience, a copy of this Order is attached hereto as Defendant's Exhibit 3. *See* Marquez Decl. ¶ 21, Exhibit 3.

Similarly, in Plaintiffs' only other cited case, *Flores Benitez,* the discovery dispute concerned whether non-plaintiff specific policy deposition transcripts taken in the C.M. and A.P.F. cases should be included in the definition of "common discovery." *See Flores Benitez*, ECF No. 77. The court never decided this issue because the dispute became moot. *Id.* at 91. Here, Plaintiffs failed to advise the Court that the Defendant has already produced to Plaintiffs the same deposition transcripts, without conditions. *See* Marquez Decl. ¶ 20.

## C.    Plaintiffs' Request for Cloned Discovery is Overbroad and Unduly Burdensome

As a rule, courts deny requests for "the fruits of discovery in [an] earlier action," because parties "can and should conduct [their] own discovery." *Barrella v. Village of Freeport*, 2012 WL 6103222, at *2 (E.D.N.Y. Dec. 8, 2012) (cleaned up); see also, *Z Best Body and Paint Shops, Inc. v. Sherwin-Williams Co.*, 2017

-10-

WL 3730515 at * 3 (C.D. Cal. Aug. 29, 2017) (quashing overbroad subpoena that sought to obtain documents subject to a protective order in separate litigation); *Wollam v. Wright Medical Group, Inc.*, 2011 WL 1899774, at *1 (D. Colo. May 18, 2011) (denying "cloned discovery" requests including, among other things, "all . . . discovery responses served by any defendant"); *Midwest Gas Servs., Inc. v. Indiana Gas Co.*, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000) ("plaintiffs' counsel must do their own work and request the information they seek directly," rather than by piggybacking on requests in prior cases"); *King City. v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491, at *2-3 (W.D. Wash. Aug. 5, 2011) (denying plaintiffs' motion to compel defendants to produce all documents they had previously provided to certain government authorities that were investigating the same conduct because the request for "cloned discovery" was overbroad).

If granted in this case, Plaintiffs' requests for "all documents" would require undersigned defense counsel to potentially collect documents in over 40 cases around the country, redact any and all plaintiff-specific matter, and compare the documents in those cases with the approximately 400,000 pages already produced to the Plaintiffs in this action before preparing them for production and providing them to the Plaintiffs. Plaintiffs' requests are thus overbroad, disproportionate to the needs of this case and unduly burdensome for the defense. *See Goro v. Flowers Foods, Inc.*, 2019 WL 6252499, at *18 (S.D. Cal. Nov. 22, 2019) (noting that cloned discovery is unduly burdensome when it requires a responding party to perform multiple, overlapping searches for documents that are responsive to the substantive requests and documents that it previously produced). For all the foregoing reasons, Plaintiffs' motion to compel is deficient and should be stricken, and if not stricken, then denied.

1

2

3   Dated:   October  3, 2023           Respectfully Submitted,

4                                       **MILBANK LLP**

5                                       By: */s/    Linda Dakin-Grimm*
                                        Linda Dakin-Grimm (State Bar #119630)
6                                       Ldakin-grimm@milbank.com

7
                                        Mark Shinderman (State Bar #136644)
8                                       MShinderman@milbank.com
9                                       Marina Markarian (State Bar #340686)
                                        Mmarkarian@milbank.com
10                                      2029 Century Park East, 33rd Floor
11                                      Los Angeles, CA 90067
                                        Telephone: 424.386.4000
12                                      Facsimile: 213.629.5063

13
                                        Elizabeth Hamilton, *pro hac vice*
14                                      55 Hudson Yards
15                                      New York, New York 10001
                                        Telephone: 212-530-5000
16                                      Facsimile: 212-530-5219
17                                      Email: Ehamilton@milbank.com

18
                                        *Pro Bono* Attorneys for Plaintiffs,
19                                      Esvin Fernando Arredondo Rodriguez and
                                        A.F.A.J.
20

21

22   Dated:   October  3, 2023           E. MARTIN ESTRADA
                                        United States Attorney
23                                      DAVID M. HARRIS
                                        Assistant United States Attorney
24                                      Chief, Civil Division
25                                      JOANNE S. OSINOFF
                                        Assistant United States Attorney
26                                      Chief, General Civil Section

27
                                        By: */s/    Christina Marquez*
28                                      Christina Marquez

                                        -12-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David Pinchas
Assistant United States Attorneys

Attorneys for Defendant

-13-

1

**ATTESTATION UNDER LOCAL RULE 5-4.3.4**

2        I hereby certify pursuant to Local Rule 5-4.3.4 that the content of this document

3    is acceptable to all persons required to sign the document and that I have obtained

4    authorization to file this document with all electronic signatures appearing within

5    the foregoing document which are not my own.

6

7    Dated:   October 3, 2023          By: /s/   *Linda Dakin-Grimm*

8                                          Linda Dakin-Grimm (State Bar #119630)
                                           Attorney for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION REGARDING DISCOVERY DISPUTE OVER DOCUMENT PRODUCTION