MILBANK LLP
Linda Dakin-Grimm (State Bar #119630)
Mark Shinderman (State Bar #136644)
Marina Markarian (State Bar #340686)
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: 424-386-4404
Facsimile: 213-629-5063
Email: Ldakin-grimm@milbank.com

Elizabeth Hamilton, *pro hac vice*
55 Hudson Yards
New York, New York 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219
Email: Ehamilton@milbank.com

*Pro Bono* Attorneys for Plaintiffs,
Esvin Fernando Arredondo Rodriguez and A.F.A.J.

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ESVIN FERNANDO ARREDONDO RODRIGUEZ INDIVIDUALLY AND A.F.A.J., A MINOR, BY HER GUARDIAN AD LITEM, JEFFREY HAMILTON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: CV 22-02845-JLS-JC<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR DOCUMENT PRODUCTION**<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE JACQUELINE CHOOLJIAN]**<br><br>Date: October 31, 2023<br>Time: 10:30 AM |

Pursuant to Local Rule 37-2, Plaintiffs Esvin Fernando Arredondo Rodriguez ("Mr. Arredondo Rodriguez") and his minor daughter A.F.A.J. (together, "Plaintiffs") present this memorandum in support of their motion for document production and response to the arguments of Defendant United States of America ("Defendant") in the joint stipulation regarding discovery dispute ("Joint Stipulation"). ECF No. 64.

## I. DEFENDANT SEPARATED PLAINTIFFS PURSUANT TO THE TRUMP ADMINISTRATION'S ZERO TOLERANCE FAMILY SEPARATION POLICY

By the Joint Stipulation, Plaintiffs seek an order compelling Defendant to produce non-plaintiff specific materials Defendant has already collected, imaged, Bates labeled, and produced in other Zero Tolerance Family Separation cases. *See* Joint Stipulation n.3 (listing Zero Tolerance Family Separation cases). Plaintiffs are entitled to these materials because Defendant separated Plaintiffs pursuant to this policy when they lawfully approached a border crossing to seek asylum in May 2018.

The Trump Administration secretly initiated the family separation policy in April 2017 and a year later publicly announced and broadened the policy; the Zero Tolerance Family Separation policy was outlined in an April 6, 2018 memorandum. *See* ECF No. 64-19. After implementing the Zero Tolerance Family Separation policy, Defendant separated thousands of children from their parents, declined to keep track of the children and their parents, declared the children to be "unaccompanied," and then deported the parents. Plaintiffs in this case approached an official border crossing at Laredo, Texas and asked for asylum in May 2018. Defendant put them in a room with dozens of other families and then forcibly separated Plaintiffs (as they did with many other parents and children that day). Defendant declared A.F.A.J. to be "unaccompanied," and wrested her from her father without telling either of them why or what would happen next. Defendant

1  imprisoned Mr. Arredondo Rodriguez in a series of locations for months before
2  unlawfully deporting him in violation of an order of Judge Dana Sabraw of the U.S.
3  District Court for the Southern District of California. Due to Defendant's policy,
4  Plaintiffs remained separated for more than a year.

5      Judge Sabraw enjoined enforcement of the Zero Tolerance Family Separation
6  policy in the *Ms. L* case brought by the American Civil Liberties Union. *Ms. L. v.*
7  *U.S. Immigr. & Customs Enf't*, 310 F. Supp. 3d 1133 (S.D. Cal. 2018) *modified by*,
8  330 F.R.D. 284 (S.D. Cal. 2019). Plaintiffs are *Ms. L* class members; it was in that
9  case that Defendant's deportation of Mr. Arredondo Rodriguez was declared
10 unlawful, and the government was ordered to facilitate his return to the U.S. in 2019.
11 Defendant does not dispute that its employees separated Plaintiffs, nor does
12 Defendant dispute that Defendant separately detained Plaintiffs in its facilities.

13     Despite the foregoing, Defendant now argues that it should not be required to
14 fulfill its discovery obligations and produce the documents relating to non-plaintiff
15 specific materials produced in other cases arising from the Zero Tolerance Family
16 Separation policy of 2017-2018 because "given the allegations, the facts in this case
17 do not involve the Zero Tolerance Policy." Joint Stipulation at 5. It is unclear why
18 Defendant is making this argument now. It appears that Defendant is arguing that
19 because its conduct toward these Plaintiffs *has no justification whatsoever* (not even
20 under the Zero Tolerance Policy's specifications) that it was not done pursuant to
21 the Zero Tolerance Policy. This absurd argument could have been raised months
22 ago—during the eighteen months since Plaintiffs initiated this litigation, and
23 certainly before Defendant produced the initial policy-related discovery.

24     Defendant did not raise this issue as an affirmative defense in its Answer and
25 therefore has waived it. *See generally* ECF No. 35. Defendant did not raise this issue
26 in its request for a protective order for the documents at issue. *See generally* ECF
27 No. 40 at 7-11. Defendant did not raise this issue at the April 11, 2023 discovery
28 hearing where it agreed to provide the documents at issue—including subsequently

gathered productions from other cases—under a protective order. *See generally* April 11, 2023 Hr'g Tr., submitted herewith as Exhibit B. Defendant did not raise this issue prior to producing 60,000 policy documents related to the Zero Tolerance Family Separation policy earlier this year.

Defendant's argument is patently frivolous. By making it, Defendant has conceded that it separated Plaintiffs due to its own *misapplication of its Zero Tolerance Family Separation policy*. Defendant must fulfill its duty to abide by this Court's orders and produce the rest of the discovery materials.

## II. PLAINTIFFS ARE ENTITLED TO DISCOVERY OF THE MATERIALS RESPONSIVE TO ITS REQUEST FOR PRODUCTION

As laid out in the Joint Stipulation, Plaintiffs seek the materials at issue because, under Rule 26, the parties agreed that the production of the documents would take place on February 9, 2023, and Defendant has failed to do so.[1] The documents at issue consist of non-plaintiff specific discovery that the government has already collected, imaged, Bates labeled, and produced in other pending family separation Federal Tort Claims Act cases in this and other District Courts, which the parties have referred to as "Common Discovery." Despite Defendant's new argument that the request is not proportional to the needs of the case, see Joint Stipulation at 9, *the parties agreed to these terms on December 29, 2022. See* Joint

---

[1] In the Joint Stipulation and attachments, Plaintiffs provided their points, contentions, and authorities, including Federal Rules of Civil Procedure and this Court's Local Rules and May 1, 2023 Order. Defendants argue that Plaintiffs' portion of the Joint Stipulation should be denied because it "is devoid of points and authorities" and does not provide a proposed resolution to the dispute. Joint Stipulation at 7-8. Among other points, contentions, and authorities, Plaintiffs make clear that they are asking the Court to remedy Defendant's violation of Judge MacKinnon's May 1, 2023 Order to produce the requested documents without undue delay by issuing "an order compelling Defendant to produce non-plaintiff specific materials Defendant has already produced in other family separation cases." *See* Joint Stipulation at 1, 2 (citing Ex. F, the May 1, 2023 Order), 4.

1  Stipulation, Ex. B. After Defendant failed to produce these documents under their
2  earlier agreement, Plaintiffs requested the production of these documents on March
3  7, 2023. Joint Stipulation, Ex. G. At Defendant's request, Plaintiffs have repeatedly
4  provided Defendant with additional time to complete their production. *See* Joint
5  Stipulation, Ex. A at ¶¶ 4, 5. During the Rule 26(f) Conference, which took place on
6  January 23, 2023, and the April 11, 2023 hearing, Defendant reconfirmed its
7  agreement to actually produce the documents at issue. *See* Joint Stipulation, Ex. A
8  at ¶ 6; April 11, 2023 Hr'g Tr. at 28:12-14. Moreover, Defendant could produce the
9  materials with a push of a button—they have already been gathered, imaged, and
10 produced electronically in other cases. Defendant's argument in the Joint Stipulation
11 appears to another tactic to further delay the progress of this litigation that has been
12 pending for eighteen months.

13       The scope of the discovery at issue has already been decided and this Court
14 has already upheld that scope. Defendant now argues that Plaintiffs' request is
15 unduly burdensome. Joint Stipulation at 10-11. That argument is specious. Plaintiffs
16 have consistently defined the scope of the documents at issue to include all non-
17 plaintiff specific discovery that Defendant has already produced in other pending
18 family separation Federal Tort Claims Act cases in this and other District Courts.
19 *See* ECF No. 40 at 3-4; Apr. 11, 2023 Hr'g Tr. at 20:4-13; Joint Stipulation at 1-3.
20 As Magistrate Judge MacKinnon noted in April, "the Government has more
21 resources than almost any other party and maybe any other party that appears before
22 the Court." Apr. 11, 2023 Hr'g Tr. at 8:14-16. And, in Magistrate Judge
23 MacKinnon's May 1, 2023 Order, Defendant was ordered to complete this discovery
24 by October 1, 2023 "to allow initial document production to be made without undue
25 delay." ECF No. 56 at 2. Defendant is in violation of this Order and has had many
26 months to collect and produce the requested materials; materials Defendant already
27 collected and produced in the other Zero-Tolerance Family Separation cases.
28

-4-

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR DOCUMENT PRODUCTION

Plaintiffs request an order compelling Defendant to produce the remaining Common Discovery materials—all non-plaintiff specific materials that the government has already produced, both as subsequent productions in the *A.P.F.* and *C.M.* cases and in other pending family separation Federal Tort Claims Act cases.

Dated:  October 17, 2023         Respectfully Submitted,

**MILBANK LLP**

By: /s/   Linda Dakin-Grimm
Linda Dakin-Grimm (State Bar #119630)
Ldakin-grimm@milbank.com

Mark Shinderman (State Bar #136644)
MShinderman@milbank.com
Marina Markarian (State Bar #340686)
Mmarkarian@milbank.com
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: 424.386.4000
Facsimile: 213.629.5063

Elizabeth Hamilton, *pro hac vice*
55 Hudson Yards
New York, New York 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219
Email: Ehamilton@milbank.com

*Pro Bono* Attorneys for Plaintiffs,
Esvin Fernando Arredondo Rodriguez and
A.F.A.J.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR DOCUMENT PRODUCTION