E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
CHRISTINA A. MARQUEZ (Cal. Bar No. 305301)
DAVID PINCHAS (Cal. Bar No. 130751)
Assistant United States Attorneys
Federal Building, Suite 7516
   300 North Los Angeles Street
   Los Angeles, California 90012
   Telephone: (213) 894-4061/2920
   Facsimile: (213) 894-7819
   E-mail: Christina.Marquez@usdoj.gov
   E-mail: David.Pinchas@usdoj.gov

Attorneys for Federal Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Esvin Fernando Arredondo Rodriguez, individually and A.F.A.J., a minor, by her guardian ad litem, Jeffrey Hamilton,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. 2:22-cv-02845-JLS-AFM<br><br>DEFENDANT'S REQUEST TO STRIKE PLAINTIFFS' *DAUBERT* MOTIONS DUE TO PLAINTIFFS' FAILURE TO COMPLY WITH CENTRAL DISTRICT LOCAL RULE 7-3; DECLARATION OF DAVID PINCHAS<br><br>Honorable Josephine Staton<br>United States District Judge |

# DEFENDANT'S REQUEST TO STRIKE

Federal Defendant United States of America hereby requests that the Court strike Plaintiffs' "Motion to Exclude Testimony and Report of Proposed Expert [Dr.] Bennett Williamson [*Daubert*]" (Dkt# 150) and their "Motion to Exclude Testimony and Report of Proposed Expert [Dr.] June Hagen [*Daubert*]" (Dkt# 146). These Motions were filed during the night of Friday, February 23, 2024. The reason for this Request is that Plaintiffs did not comply with Central District Local Rule 7-3, which required Plaintiffs to provide notice of their intention to file the Motions, and to arrange a meeting seven days *before* filing the Motions to thoroughly discuss their substance with Defendant's counsel. *See* Pinchas declaration ¶ 2. Neither Motion contains the required statement that the parties had met and conferred under Local Rule 7-3, nor could they have contained such a statement, because the parties never met or conferred. *Id.*

However, in her sworn declarations in support of both Motions, Plaintiffs' counsel Linda Dakin-Grimm claims that: "[o]n February 23, 2024, Plaintiff's counsel met-and-conferred with Defendant's counsel via email concerning deficiencies in their expert reports." (Dkt ## 147 at 8; 151 at ¶ 27.) This statement by Ms. Dakin-Grimm is patently inaccurate, nor did it comply with Local Rule 7-3.

Rather, at 1:58 p.m. on Friday, February 23, 2024, which date was the deadline for filing *Daubert* motions, Plaintiffs' counsel sent the following email to defense counsel:

> Subject: [EXTERNAL] Arredondo Rodriguez v. United States - Daubert Motions
>
> Counsel,
>
> Having reviewed Defendant's expert witness testimony, including the expert reports and deposition testimony, we request that you withdraw both Dr. Bennett Williamson and Dr. June Hagen as expert witnesses and refrain from using their testimony in this case.
> Not only did Dr. Williamson fail to produce reports as required by Rule 35, he did not produce his Rule 26 reports until almost a month after the deadline for affirmative expert reports had passed. Moreover, Dr. Williamson is not qualified to opine on the facts at issue: among other deficiencies, he lacks the education and experience to qualify him as an expert in trauma, PTSD, or the broader field of clinical psychology. Finally, Dr. Williamson's testimony does not meet the

1

standard for expert testimony under Fed. R. Evid. 702.
Dr. Hagen's testimony also does not meet the standard for expert testimony under Fed. R. Evid. 702. Among other deficiencies, Dr. Hagen's opinions are not sufficiently supported by any facts and data and were not derived using reliable principles or methods.
If you refuse our request, we intend to file *Daubert* motions to exclude the experts' testimony and reports. Please let us know your response as soon as possible but no later 5PM PST.

Regards,
John Lee | Milbank | Associate
1850 K Street, NW, Suite 1100 | Washington D.C. 20006
T: 1-202-835-7569
rmarsters@milbank.com | milbank.com

Thus, Plaintiffs' counsel's declaration is incorrect in claiming that there was a "meet-and-confer" under Local Rule 7-3. Their email demand that Defendant withdraw their experts within three hours, or else the two Motions would be filed that same day, does not in any way comply with Local Rule 7-3, and could not reasonably be described as a meet and confer. *See Bohn v. Pharmavite*, 2013 WL 457173 at * 1 (C.D. Cal. Feb. 5, 2013) (striking motion when movant failed to comply with Local Rule 7-3). Indeed, Plaintiffs' two lengthy motions, which Plaintiffs filed just hours later on that same day, were plainly already drafted prior to their sending of that perfunctory email at 1:58 pm. Plaintiffs' counsel's gamesmanship also violated paragraph 8(b) of this Court's Standing Order for Civil Cases which requires the parties to comply with Local Rule 7-3 and that "[c]ounsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference."

As explained in the attached declaration at paragraph 3, this is not the first time that Plaintiffs' counsel failed to comply with the Local Rules of this Court, nor is it the second. Plaintiffs' counsel, from a large international law firm, should not be rewarded for blatantly violating the rules of this Court.

//

Accordingly, Defendant requests that the Court strike the Motions. In the event that the Court does not strike the Motions, Defendant reserves the right to respond substantively to the Motions.

Dated: February 27, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

 /s/David Pinchas
DAVID PINCHAS
CHRISTINA A. MARQUEZ
Assistant United States Attorneys

Attorneys for Federal Defendant

**DECLARATION OF DAVID PINCHAS**

I, David Pinchas, do hereby declare and state as follows:

1. I am an Assistant United States Attorney for the Central District of California, and I have been assigned to the defense of this action along with Assistant United States Attorney Christina Marquez. If called upon, I would and could testify as to the following facts from my personal knowledge.

2. At no time did Plaintiffs' counsel contact counsel for Defendant to arrange a Local Rule 7-3 conference regarding an intention to file one or more *Daubert* motions. On Friday, February 23, 2024, at 1:58 p.m., the court-ordered last day for filing *Daubert* motions, Plaintiffs' counsel sent me an email demanding that the Defendant's experts be withdrawn by 5:00 p.m. or Plaintiffs would file their motions that same day. I responded that Plaintiffs' demand was unreasonable and that they had violated Local Rule 7-3. A true copy of Plaintiffs' counsel's email, and my response, is attached as Exhibit A. Plaintiffs' counsel filed the motions later that night.

3. This is not the first time that Plaintiffs' counsel violated the Local Rules of this Court. I arranged a Local Rule 7-3 meeting with Plaintiffs' counsel on December 14, 2023 to discuss Defendant's intention to file a summary judgment motion in this action. When I asked Plaintiffs' counsel questions about their forthcoming cross-motion for summary judgment, she was unprepared and gave almost no specifics. Similarly, when Plaintiffs' filed the parties' Joint Stipulation regarding Plaintiffs' motion to compel discovery (Dkt # 64), I pointed out therein Plaintiffs' numerous violations of Local Rule 37, and Magistrate Judge Chooljian denied the Plaintiffs' motion to compel on procedural grounds. (Dkt # 81.)

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of February, 2024, at Los Angeles, California.

                                                /s/ David Pinchas
                                                DAVID PINCHAS